UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

_____
TRAMALE LOCKETT,                             :
        Petitioner,                :
                                       :   CIVIL NO. 3:15-CV-1018
      v.                                 :
                                       :   (Judge Kosik)
JOHN TUTTLE, et al.,                          :
        Respondents.              :
_____

**MEMORANDUM**

    Before the court are Petitioner's Objections (Doc. 26) to the Report and Recommendation of Magistrate Judge Martin C. Carlson (Doc. 25) filed on December 1, 2015. For the reasons which follow, we will adopt the Report and Recommendation of the Magistrate Judge.

BACKGROUND

    Petitioner, Tramale Lockett, an inmate currently confined at the State Correctional Institution- Benner Township, Bellefonte, Pennsylvania, filed the instant Petition for Writ of Habeas Corpus on May 26, 2015, challenging a decision of the Pennsylvania Board of Probation and Parole. An Answer to the Petition and a Memorandum of Law in support thereof were filed by Respondents on August 4, 2015 (Docs. 13 and 14). A Traverse was filed by Petitioner on August 17, 2015 (Doc. 15). Petitioner also filed a Motion for Stay of Execution (Doc. 16), a Motion for Summary Judgment (Doc. 17) and a Motion to Amend the Petition (Doc. 21).

    The matter was referred to Magistrate Judge Martin C. Carlson, who issued a Report and Recommendation on December 1, 2015 (Doc. 25). After reviewing the procedural history and the facts of the case, the Magistrate Judge concluded that the Petition for Writ of Habeas Corpus should be denied for failure to exhaust state court remedies. The Magistrate Judge also found that the Petitioner's request to stay this

action should be denied. On December 15, 2015, the Petitioner filed Objections to the Report and Recommendation (Doc. 26), challenging the findings and conclusions of the Magistrate Judge.

DISCUSSION

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

As the Magistrate Judge points out, the following facts are pertinent in resolving the instant Petition. Petitioner was sentenced on January 13, 2011 to 3 to 6 years of incarceration after violating his probation for his conviction of carrying firearms without a license. Petitioner's minimum date on this sentence was calculated as June 21,2013 and his maximum sentence date was set at June 21, 2016.

On August 5, 2013, the Pennsylvania Board of Probation and Parole released Petitioner on parole to a community corrections facility. However, some eight months later on May 16, 2014, the Board recommitted Petitioner as a technical parole violator for violating multiple technical conditions of his parole, including numerous reporting and travel violations. The Board conducted further revocation proceedings in Petitioner's case in September 2014, at which time Petitioner waived his right to

any hearing, and was recommitted as a technical parole violator to serve 9 months of backtime. The Board's decision imposing these sanctions also stated that Petitioner would be reparoled automatically without further action of the Board on June 11, 2015 provided that he did not: 1) commit a disciplinary infraction involving assaultive behavior, sexual assault, a weapon or controlled substance; 2) spend more than 90 days in segregated housing due to one or more disciplinary infractions; or 3) refuse programming or a work assignment.  See, 61 Pa.C.S. §6138(d).

While serving this sentence on March 11, 2015, Petitioner engaged in a physical altercation with another inmate at the Centre County Correctional Facility where he was being held.  This physical confrontation was captured on prison videos, and at a March 23, 2015, disciplinary hearing both Petitioner and the other inmate made admissions to scuffling, specifically acknowledging that they had engaged in horseplay as depicted in the video.  At the close of the hearing, officials from the Centre County Correctional Facility found Petitioner guilty of the misconduct of fighting or inciting a fight.  Petitioner and the other inmate involved in this incident were found not guilty of assault, because prison officials viewing the video depiction of the fight regarded the confrontation as a mutual fight.  Nonetheless, based upon this disciplinary citation for fighting, a panel of the Board voted to rescind Petitioner's automatic release on reparole and instead review him for reparole in October of 2015.  On May 13, 2015, the Board recorded its decision to delete the automatic reparoling language in its October 16, 2014 decision, and listed Petitioner's case for reparole review in October of 2015.  In taking this action, the Board followed the dictates of the Pennsylvania statute which permits rescission of a release date for a technical parole violator who has "committed a disciplinary infraction involving assaultive behavior." 61 Pa. C.S. §6138(d)(5)(i).

Petitioner appealed this decision, but on July 22, 2015, the Board responded

-3-

to Petitioner's administrative appeal and affirmed its decision revoking his automatic reparole date. The Board also notified Petitioner of his further appellate rights in the Commonwealth Court.

Petitioner did not appeal this decision to state court. Instead, Petitioner filed the instant petition for writ of habeas corpus with this court.

After setting forth the facts, the Magistrate Judge discusses the legal standards for state prisoners to file a Petition for writ of habeas corpus, 28 U.S.C. §2254. The Magistrate Judge discusses the state exhaustion requirement and agrees with the Parole Board that Petitioner failed to meet §2254's exhaustion requirement. As the Magistrate Judge points out, following the Parole Board's decision to rescind Petitioner's release date due to institutional misconduct, Petitioner pursued an initial administrative appeal. The administrative appeal was unsuccessful and Petitioner failed to appeal the decision to the Commonwealth Court. The Magistrate Judge concluded that because Petitioner failed to fully exhaust his state remedies, his petition should be denied.

The Magistrate Judge next addresses Petitioner's request to stay the instant action until he completes exhaustion of his claims in state court. The Magistrate Judge found that the request to stay should be denied because he found that the Petition fails as a matter of law. Specifically, the Magistrate Judge found the Petitioner's argument against the Parole Board did not raise a viable due process claim in that there was no liberty interest in the right to be paroled, and that, even if 61 Pa.C.S. §6138(d) did invoke a liberty interest, the rescission of Petitioner's reparole date was based on his involvement in a prison fight, which, by statute, justifies rescission of a release date by a parole violator who has committed a disciplinary infraction involving assaultive behavior. Lastly, the Magistrate Judge addresses Petitioner's challenge to the prison disciplinary proceedings, finding that

the decision to find Petitioner guilty was based on some evidence, including prison videos.

In his Objections to the Report and Recommendation, Petitioner argues that he was led to believe that the decision to rescind his parole was not appealable. He argues that he sent letters to various individuals, but was not informed of remedies available to him. He also asserts that he has an appeal being processed in the state courts. Petitioner next discusses the conduct which was the basis for his prison misconduct and challenges whether it was assaultive behavior. He also argues that he is entitled to a hearing prior to the cancellation of his release date and that the hearing on his misconduct was biased and prejudged.

In addressing Petitioner's Objections, we will look at the chronology of events as set forth in the Exhibits. On March 23, 2015, Petitioner was found Guilty of Fighting or Inciting a Fight and Not Guilty of Assault; attempting to cause or threatening bodily harm to staff, visitors or inmates, because "it appears to be a mutual fight"[1]. A copy of the Disciplinary Hearing Report was sent to the Pennsylvania Board of Probation and Parole[2]. On May 13, 2015, a Notice of Board Decision, which modified the Parole Board Action of 10/16/14, due to Misconduct, by deleting the reparole portion, and listing for reparole review October 2015[3]. Prior to the May 13, 2015 Parole Board Decision, Petitioner sent a letter to Amelia C. Kittredge, Office of Disciplinary Counsel, Disciplinary Board of the Supreme Court of Pennsylvania, complaining about his parole agent, asserting that his "right/contract to an automatic release date have been revoked illegally and without probable cause.

---

[1] Document 13, Exhibit J, Center County Correctional Facility, Disciplinary Hearing Report.

[2] Document 13, Exhibit K.

[3] Document 13, Exhibit L.

Also, constitutional laws may be getting violated in my instant matter"[4]. Petitioner's letter was received and responded to by Amelia C. Kittredge on May 4, 2015, advising Petitioner that the jurisdiction of the office was limited to lawyers, and that a Complaint about a Parole Agent could not be entertained[5]. On May 5, 2015, Petitioner wrote a letter to the Pennsylvania Board of Probation and Parole, which addressed his disagreement whether his misconduct involved assaultive behavior[6]. In response to Petitioner's letter, on May 11, 2015, C. Hoffman, Parole Staff Technician, Inmate Inquiry Unit, wrote Petitioner that: "You were issued a misconduct for assault; your file is with the Board, a Board Action will be forthcoming"[7]. On May 13, 2015, Petitioner again sent a letter with his concerns to Mr. Hoffman[8]. As we noted above, the Parole Board Decision, which modified the Board Action of October 16, 2014, by deleting the reparole portion, due to the misconduct, was issued on May 13, 2015[9], the same day as Petitioner's second letter to Mr. Hoffman. On May 28, 2015, Mr. Hoffman advised Petitioner that his letter would be forwarded to the legal department and that any future correspondence regarding his parole violator max dates should be addressed to the Chief Counsel Office[10]. On May 26, 2015, Petitioner filed the instant action. An Administrative Appeal Vote Sheet indicates that Petitioner's May 13, 2015 letter was construed as an administrative appeal and that

---

[4]Document 26, Exhibit 1.

[5]Document 26, Exhibit 1, pg. 2.

[6]Document 26, Exhibit 2.

[7]Document 26, Exhibit 3.

[8]Document 26, Exhibit 4.

[9]Document 13, Exhibit L.

[10]Document 26, Exhibit 4, pg. 2.

the Decision of the Board was unanimously affirmed[11]. On July 22, 2015, a letter was sent to Petitioner from Kimberly A. Barkley, Secretary of the Board of Probation and Parole, advising Petitioner that his appeal was denied and explaining the basis of the Board's Decision. Petitioner's appellate right to review by the Commonwealth Court was included on the letter[12]. In his Objections, Petitioner asserts that he currently has an appeal being processed in the state courts[13].

As the Magistrate Judge points out, exhaustion of available state remedies is a prerequisite to filing a federal habeas petition. Here, Petitioner acknowledges that he did not exhaust his state remedies and that he currently has the matter pending in the state courts. However, Petitioner asserts that exhaustion should be excused because he was not made aware of his right to appeal. We disagree. As the record reflects, Petitioner began to challenge the outcome of his misconduct hearing prior to the Parole Board's Decision of May 13, 2015. Petitioner wrote letters and received responses from Amelia Kittredge and C. Hoffman. Petitioner's third letter on the matter was dated May 13, 2015, the same day as the Parole Board Decision. The letter was received by the Board of Probation and Parole on May 19, 2015. On May 28, 2015, Petitioner was informed that this would be forwarded to the legal department. Petitioner filed the instant action on May 26, 2015. The record clearly shows that Petitioner filed the instant action without waiting for a response. Thus, we agree with the Magistrate Judge that Petitioner failed to exhaust his administrative remedies and exhaustion should not be excused.

As to Petitioner's request that we stay the instant action until he pursues his state court exhaustion, the Magistrate Judge found that a stay was not warranted in

---

[11] Document 13, Exhibit N, pg. 3.

[12] Document 13, Exhibit N.

[13] Document 26, p. 2.

this case.  Specifically, the Magistrate Judge found that Petitioner did not have a potentially meritorious claim.  The Magistrate Judge found that Petitioner's argument that his conduct did not involve assaultive behavior is misplaced and that the Parole Board's conclusion that Petitioner's involvement in a prison fight could be characterized as committing a disciplinary infraction involving assaultive behavior, 61 Pa. C.S. §6138(d), is not arbitrary or capricious and that fighting constitutes a form of assault under Pennsylvania law, 61 Pa. C.S. §6138(d)(5).

      Finally, the Magistrate Judge concluded that even allowing Petitioner's request to Amend his Petition in order to challenge the outcome of his prison disciplinary hearing would not change the outcome.  The Magistrate Judge found that Petitioner's allegations of bias are not substantiated and that the disciplinary decision is supported by "some evidence", namely videos of the altercation and Petitioner and the other inmate admitting to engaging in horseplay.  Thus, we agree with the Magistrate Judge's conclusion that a stay is not warranted in this case and that Petitioner was afforded the process he was due at his disciplinary hearing.